IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RICHARD OBENAUF,

    Plaintiff,

v.

NORTHLAND GROUP, INC.,

    Defendant.

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

1. After Plaintiff Richard Obenauf had requested, in writing, that Defendant Northland Group, Inc., a debt collection agency, stop calling him – it was attempting to collect a debt owed by someone who had earlier been assigned Mr. Obenauf's home telephone number – it nonetheless continued to call him. Mr. Obenauf seeks damages under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"), and New Mexico consumer protection law.

**Jurisdiction**

2. This Court has jurisdiction under the FDCPA, 15 U.S.C. § 1692k(d), and under 28 U.S.C. §§ 1331 & 1337. This Court has supplemental jurisdiction over the state claims pursuant to 28 U.S.C. § 1367.

**Parties**

3. Plaintiff Richard Obenauf resides in Albuquerque, New Mexico.

4. Defendant Northland Group, Inc. is a debt collection agency whose principal business is the collection of consumer debts. It regularly collects or attempts to collect debts originally owed or due or asserted to be owed or due another. It is licensed as a collection

agency by the New Mexico Financial Institutions Division. Northland is "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## Facts

5. Northland had purchased the debt account it was trying to collect from Roger Neugebauer via telephone calls to Mr. Obenauf's number, or had obtained the right to collect on this account, after the account was in default.

6. Upon information and belief, this account was obtained for personal, family or household purposes.

7. In May 2010, Mr. Obenauf received a new home telephone number.

8. Apparently, someone named Roger Neugebauer had been assigned the number before him.

9. Mr. Obenauf spends a significant time at home working on his Ph.D. thesis.

10. On September 14, 2010, Mr. Obenauf received a telephone call from Northland at his home telephone number.

11. Mr. Obenauf discovered that the telephone number used to place the September 14 call belonged to Northland and that Northland was a debt collector.

12. Mr. Obenauf, having received calls for Mr. Neugebauer from other debt collectors, decided to try to stop the calls from Northland right away so that he would not be disturbed by further calls.

13. In a letter dated September 14, 2010, Mr. Obenauf informed Northland that he was not Mr. Neugebauer and that Mr. Neugebauer apparently had his telephone number before he had it. He also asked that Northland "cease all communication to my phone or otherwise causing it to ring."

14. Northland received this letter on September 18, 2010.

15. Nevertheless, Northland continued to telephone Mr. Obenauf's home telephone number. It telephoned him on December 20, 22 and 23, 2010, and on January 10, 13 and 24, 2011, and perhaps other times as well.

16. Mr. Obenauf has been frustrated and aggravated by Northland's failure to leave him alone.

17. As a result of Northland's conduct, Mr. Obenauf has suffered actual damages, including:

    a. Out of pocket expenses;

    b. Lost time; and

    c. Aggravation and frustration.

### First Claim for Relief: Violations of the FDCPA

18. Northland's actions violate the FDCPA, including but not limited to 15 U.S.C. §§ 1692d and 1692d(5).

19. Mr. Obenauf is entitled to recover statutory damages, actual damages and reasonable attorney fees and costs.

### Second Claim for Relief: Violations of the New Mexico Unfair Practices Act

20. Northland's actions constitute unfair or deceptive trade practices within the meaning of the New Mexico Unfair Practices Act ("UPA"), as defined by NMSA 1978 § 57-12-2(D) generally and NMSA 1978 § 57-12-2(D)(15) specifically.

21. Northland willfully engaged in these unlawful trade practices.

22. Mr. Obenauf is entitled to recover actual or statutory damages, actual or statutory damages trebled, plus reasonable attorney fees and costs.

23. Mr. Obenauf is also entitled to injunctive relief.

### Third Claim for Relief: Tortious Debt Collection

24. Northland's actions and inactions constitute unreasonable and tortious debt collection practices in violation of the doctrine enunciated by the New Mexico Supreme Court in *Montgomery Ward v. Larragoite*, 81 N.M. 383, 467 P.2d 399 (1970).

25. Mr. Obenauf is entitled to recover actual and punitive damages.

### Request for Relief

Mr. Obenauf requests that this Court:

A. Enjoin Northland from telephoning Mr. Obenauf or contacting him in any way;

B. Award statutory and actual damages, for violations of the FDCPA;

C. Award statutory or actual damages, trebled, for violations of UPA;

D. Award actual and punitive damages, for tortious debt collection;

E. Award reasonable attorney fees and costs; and

F. Award such other relief as the Court deems just and proper.

Respectfully submitted,

TREINEN LAW OFFICE

*/s/ Rob Treinen*

ROB TREINEN
500 Tijeras Ave NW
Albuquerque, New Mexico 87102
(505) 247-1980
(505) 843-7129 (fax)